May it please the court, good morning. My name is Teresa Traber and I represent the plaintiffs and appellants in this case. No, you're not Michelle Rubin? Or you are Michelle Rubin? I'm Teresa Traber. Oh, I didn't see that on our sheet here and I want to put that down. How do you spell your last name? Traber, T-R-A-B-E-R. Okay, and your first name? Teresa, T-H-E-R-E-S-A. Okay. What our sheet shows is Michael Rubin. Mr. Rubin is with me today, but I'll be arguing. Okay. Because defendants did not raise, cintas did not address some of the key statutory arguments in their brief on appeal, I would like to reserve seven minutes of my time for rebuttal so that I can respond to them at that time. The issue before the court today is how the Michigan Supreme Court will interpret the Michigan Minimum Wage Law and whether or not, and we submit that the decision in Allen, that is the Court of Appeals decision in Allen, is consistent with the convincing evidence in the statute, both the language, the clear language of the statute as well as its structure. Whereas the recent case in Alexander that you brought to our attention in a recent order is inconsistent with that and would not be followed by the Michigan Supreme Court. Why, Michigan has a certification procedure. It does, Your Honor. Why shouldn't this case be certified? Your Honor, I think that it could be certified. There is also at this time a petition for review before the Michigan Supreme Court on the Alexander case. It was filed in August of this year. But our position is that the language of the statute and the structure of the statute is so clear that this court can readily predict what the court will do and that it should rule on that. Do you have any idea how long it takes the Michigan Supreme Court to decide the petition for review? It's our understanding, Your Honor, that there isn't a specific statutory time period and from speaking with attorneys in Michigan who are dealing with this, it often takes quite a long time. It's hard to predict the exact time frame that it might take. If the Alexander case is taken, it would really determine the issues that are before us? It may well, Your Honor. It depends on whether or not it's taken on all the issues that are there. But I do think that there is a symmetry between the issues that were addressed in Alexander and those here and that I would be surprised if it were taken by the Michigan Supreme Court if it would not address the issues here. If we were to certify this case, would that have some effect on getting the Michigan Supreme Court to take the Alexander case? I can't really pine on that. I would think just as a matter of common sense as opposed to as a lawyer, sometimes there are differences in those things, that that might prompt the Michigan Supreme Court to recognize that this was an issue it has to address. Or not enthusiastic about deciding state law questions that haven't really been addressed by the highest court of the state and then have them quickly be reviewing a case that would decide the issues and then prove us wrong. We don't like that very well. I can understand that, Your Honor. I think, though, that the evidence here in the statutory language and in its structure is so strong that I think that there is a strong argument that the Michigan Supreme Court would support. You think the language is so strong on the issue of overtime being part of the minimum wage? Yes, Your Honor. It certainly is. I'd like to hear that. Take me by the hand, slowly. I will. I sometimes do speak too fast, so I appreciate the admonition. If you look at the structure of the statute, one of the most important things that was overlooked by the Court in Alexander is that there is a provision in the statute that specifically is entitled minimum wage. And that is, all of the provisions are 408 point whatever, but for Your position is minimum wage is a defined term in the statute? It is. There is a specific provision that is entitled minimum wage, and while it isn't a provision that says this is the definition, it clearly defines what the term means. So, yes, our position is that it is defined. In the Alexander opinion, the Court there only looked to the definitions provision and said it's not there. But it's clearly there if you look at not only at the provision I'm going to direct you to, but at the entire structure of the statute and at its definitions throughout. The first provision to look at is 408.383. In 383, which is entitled minimum wage, it says broadly, no employer shall pay any employee at a rate less than prescribed in this act. It does not say at an hourly rate. It does not say any kinds of specifics. It says any rate that is prescribed in this act is considered to be, as the title suggests, a minimum wage. In contrast to what the Alexander Court found, there are specific provisions that follow this broad provision that talk about hourly wage rate. For example, the following provision, which is 408.384, is entitled minimum hourly wage rate. And there it sets forth the wage rate for a regular employee and sets forth, based on dates and time periods, what the minimum wage rate is. That's different from the other statute that says what the minimum wage is. Going through the statute further, you next get to the provision 384A, which deals with overtime. There it says that the rate that's relevant is one and a half times the regular rate for hours over 40 in a week. Again, the provision there says specifically in subsection 6  to overtime compensation is being deprived of, quote, unpaid minimum wages under this act. Going to the next provision. This is consistent throughout the statute. Going to the next provision, you have 408.384B. This goes to a training hourly wage. In that provision, it defines specifically what the legal minimum is for a training hourly wage. There is in 387 rates for apprentices, learners, and disabled persons that can be set by the administrative director. There is in 387A a provision that sets forth the tip allowance parallel for the state court that you have in the FLSA, which sets forth the, quote, minimum hourly rate for employees receiving gratuities. And most interestingly, in following out this parallel throughout the statute, when you get to 408.397, which is entitled Prohibition Against Discrimination on the Basis of Sex, it sets forth the same kind of thing that you have under the FLSA, where you have a requirement that people be paid the same amount regardless of gender. And as part of that statute, again, like the overtime one and like the other ones, it says sums withheld under this provision, quote, shall be deemed to be unpaid minimum wages under this act. So throughout the act, in every possible place where they deal with this issue, they define minimum wage to be the required rate under the act regardless of the circumstance. I think it's incredibly clear then when you turn to the key provision that we're dealing with here, which is 408.394, that the only way to read that provision, which again is clear in various other ways, is to look at minimum wage under minimum wage law as requiring, as reflecting the legal minimum in a variety of circumstances, whether it has to do with the first hour worked or the 41st hour worked, whether it has to do with someone who is receiving hourly wages or someone who is receiving tips, whether it has to do with someone who is a learner or someone who is entitled to protections in a particular way or a full-fledged employee. So you would define minimum wage as required wage or legal wage. Exactly. And I think that is defined straightforwardly in the first provision that I emphasize, which is 408.383. Now, again, it does not say minimum wage means. It does not say it is defined as. It is entitled minimum wage and it says no employer shall pay any employee at a rate less than prescribed in this act. So I think just to spin out what you've just suggested, that there is a one-to-one correspondence between the term minimum wage and what is prescribed in this act as being the minimum in various circumstances. Let me ask you a question about Michigan law. Okay. In California, all trial courts have to follow the decision of any intermediate court that has ruled on the subject matter. The intermediate courts don't have to follow the decision of each other, unlike the Ninth Circuit. What is the situation in Michigan? Is the Alexander case determinative law for the trial courts of Michigan, as it is now, without any Michigan Supreme Court case? The issue that would be, as I understand it, the issue that a trial court would confront is whether or not the Alexander court and the Allen court created a conflict. And to the extent that there was a conflict. There's nothing to create conflict with. I mean, the Alexander court. Question. Does a trial court in Michigan have to follow Alexander as it is now? I think the issue is whether or not there is a conflict between Allen and Alexander. And if there were, then the trial court could choose either one? I think that if there is a conflict, that the trial court can follow the law that is most consistent, most reasonable law. That's my understanding of that. I'm not that conversant with this standard. Clearly, that's not the standard that applies to this court. The standard that applies to this court is not what the trial court would do, but what the Michigan Supreme Court would do. The easiest way to find that out is to ask them, I suppose. Yes. If they provide an answer, that is the easiest way to find that out. That would take a period of time, too. That would cause a great delay in this case in terms of this particular issue. However, I – and as I say, I think our position is that here there isn't any other – that the argument is that if all the arguments are considered with regard to the structure and the definitions in the statute, that there's only one reasonable construction of the statute. To look at it from the point of view – I'm just pointing out to you, you have 7 minutes and 40 seconds. Okay, yes. I see that. Thank you. To look at it from the point of view that Sintas has suggested, that it's just a question of whether or not it's the employer is covered, and then you look somehow just to the minimum wage rates, goes against the clear structure of the statute, since minimum hourly wage rate is something different than the term minimum wage in the statute. And it also causes an anomaly in the statute in that the – then you would have small employers who are under the $500,000 limitations of the FLSA, subject to all of the additional protections that are set forth in Michigan law, but the larger employers operating in Michigan would not be subject to those sorts of limitations. And I think that that's also anomalous, although I think the Court does not need to get to that, because I think the point here is that the statutory language itself and its structure provides clear direction of what minimum wage means. Thank you. Good morning. May it please the Court. Mark Dosker for Sintas Corporation. What do you think about the idea of certification? I don't think it's necessary. I think the Intermediate Appellate Court in Michigan has been very clear in its cases leading up to Alexander and certainly puts it to bed the rest of the way in the Alexander case that the application of the law is as we have presented it. Does it – is there a conflict currently between it and Allen? I don't believe so, Your Honor. The Allen case indicates that, first, at 675 Northwest 2nd at page 909, note 4, that so long as the FLSA applies to the employer and that the Federal and State wage rates are the same, the plaintiff cannot sue under both the Federal and the Michigan law. Likewise, at page 910, it says that you cannot bring a State law claim just because a plaintiff might get a better recovery under that than under the FLSA. The statute in section 408.394 very clearly says that the Act, the entire Act, just does not apply to an employer who is subject to the FLSA. And it's no issue. No issue. And the district judge so confirmed, no issue here. I would observe that the argument that is now being raised by the appellant in this case was raised by the plaintiff in the Alexander case, and at 705 Northwest 2nd at 33, the Alexander court disposed of that very, very directly. I would like to just mention the portion of the statute that counsel cited a moment ago as she walked through it. As she got up to 408.397, where there's an express mention of deeming as being part of the minimum wage in the context of a gender discrimination issue, I would submit that very clearly under standard principles of statutory interpretation, the fact that the legislature felt it necessary to specifically say that there and not say it elsewhere supports the conclusion that we have put forward. The – I don't see any reason why the Michigan Supreme Court should take it up. I think the two cases are consistent. I think that the outcome is clear. They were looking in Alexander, and I quote, again, from page 33 of 705 Northwest 2nd, we must determine the meaning of the term, quote, minimum wage, and decide whether it includes overtime pay. They discuss it and they conclude, again, I quote, the term minimum wage is therefore unambiguous and does not include overtime pay. Applying the plain language of the statute, plaintiffs should receive the same, quote, minimum wage under the Michigan minimum wage law and the FLSA. This was a summary disposition, a summary judgment in the Michigan court, pure issue of law, and it's – I think it's clear and I think this Court needs to follow the Michigan court of appeals. What's your sense of timing as to when the Supreme Court will decide whether they're going to take the Alexander case? I don't have any estimate on that, Your Honor. I don't know. Counsel, walk me through the reason why you believe that 408.397, dealing with gender discrimination, creates a different rule from that which you think is applicable here. Now, I'm just observing that 408.397, subsection 3, says, and I quote, for purposes of administration and enforcement, any amounts owing to an employee which have been withheld in violation of this section, the section on discrimination based on sex, shall be deemed to be unpaid minimum wages under this Act. It doesn't say that anywhere else. It's just wages withheld because of discrimination based on sex. If they wanted it to – if the legislature wanted it to apply to something else, they should have said so. All required legal wages, they would have said it. They would have had to have said it. And the fact that they said it one place and not somewhere else is under well-established maxims of statutory interpretation. The mention of one specifically indicates the outcome that we have indicated. All right. We think it's very clear, Your Honor, and would submit on the briefs unless the Court has further questions. I don't have anything else. No questions. I just have a few things, Your Honor. First of all, it's not true that it doesn't say that anywhere else. At the center point of our argument is the statute 408.384a sub 6, which specifically says that overtime compensation that has not been provided is considered unpaid minimum wages under the statute. All the other statutes that I quoted you specifically use the word minimum hourly wage. And so arguably the legislature didn't feel it needed to reiterate that each of those were our minimum wages under the statute. If you look at the initial provision that I cited to you, which broadly is entitled minimum wage 408.383, and then each of the subsequent ones that use minimum wage, minimum hourly wage or minimum hourly wage rate in the language. The only two that don't use that are the overtime compensation one, which then specifically says it's a minimum wage, and the gender discrimination one, which then specifically says it's a minimum wage. So it's pretty clear what the legislature is trying to do here. Let me just say very briefly that there is a direct conflict between Allen and Alexander. In Allen, the Court specifically embraced the fact that all the FLSA provisions enumerated in the statute had to be considered and applied to determine whether the Federal standard would result, the application, as it says in the statute, application of those statutes would result, again, that's the language, in a lower minimum wage for the employee. So it specifically embraces the fact that all of those statutes, like under Michigan law, result in a minimum wage, a legal required minimum, to use Judge Bea's reiteration of it. And contrary to that ---- Kennedy. Let me ask you another question. Excuse me. In common parlance, at least in political common parlance, when people talk about a minimum wage, have you ever heard of a minimum wage as a daily minimum wage or a yearly minimum wage or an overtime minimum wage? Hasn't always been an hourly minimum wage? Yes. But what hourly minimum wage? Is it the number? Yes. Is it the ---- $5.15 an hour. Okay. But that isn't what we're looking at. We're not looking at what the common parlance is. We're looking at a statute that has specifically set forth what it means about the minimum wage. There is a lot of Michigan law, which because the Alexander case came up after the Alexander case, there is a definition that emerges either because it's the language that they say this is how it's defined or if it emerges from the language. You're not to look to dictionary definitions or common notions of a particular statute. I can cite some of those to you to the extent that you would like to look at them. Some of them are Supreme Court cases in Michigan. Some of them are appellate cases. There is Roberts v. Mecosta County General Hospital, 466 Michigan 57. Are they in your briefs? Pardon me? Are they in your briefs? No, Your Honor, because this particular issue was raised as a result of the Alexander case. And the fact that Alexander specifically says that it's going to look to a dictionary definition rather than looking at the statutory definitions that arise from the statute. And its analysis about whether or not there is a definition in this statute is solely about whether or not the words, the phrase minimum wage appears in the definition statute. It does not look and analyze. I don't know what was argued in that case and whether or not these arguments were presented to that court. But the court itself does not look at other language in the statute that I pointed to you, pointed out to you that clearly sets a definition of minimum wage, including a provision that's entitled minimum wage and that has to be compared with minimum hourly wage rate, which is what the Alexander court seems to be referencing. Rather than going through my citations, if you would like me to present these four cases by letter after the argument, I'd be more than happy to do that. You can put them on a gum sheet and give them to the clerk and give a copy to opposing counsel, if you wish. That would be fine. So basically in Allen, the court said, embraced all of those provisions, said it had to be applied, and then looked to the provision that was being relied on by the plaintiff, said it's not there. It's in a different part of the Federal Act that deals with enforcement issues. There's a section of provisions that apply to the FLSA under Federal law that are Sections 251 through 262. And the plaintiff there was relying on the statute of limitations provision, which was in 255. It says since it's not there, you can't rely on it to determine what the minimum wage was, whether there was a low or minimum wage. But it completely embraces the Allen court, the notion that these are the provisions you look at to determine whether there was a low or minimum wage under Michigan  law. And in contrast, Alexander says all those Federal provisions, the great, quote, the great majority of those provisions are not related to minimum wage in any way. Again, it's the gut level kind of reaction that you might have in common parlance. It's internally, it begs the very question that was raised, that should have been considered by the court, which was what does the statute say that this particular provision means? Thank you. Thank you. And that concludes the hearing for today. I want to thank counsel for their fine argument. And I also want to adjourn the court in memory that today is December 7th, a day which, as President Roosevelt said, will live in infamy, but which to us brings to mind the great sacrifices that our men and women in the armed services have made over the years in which they are making today. So we adjourn in memory of that sacrifice of our armed services. Thank you very much.
judges: B. Fletcher, Thompson, Bea